IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MBEWE, | ) |
| Petitioner, | ) Civil Action No. 2:16-cv-1074 |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| THERESA A. DELBALSO, *et al.*, | ) |
| Respondents. | ) |

**MEMORANDUM**

Pending before the Court[1] is a motion for relief from judgment (ECF 67) filed by state prisoner Christopher Mbewe ("Petitioner"), which he purports to bring under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court will dismiss this motion for lack of jurisdiction and deny a certificate of appealability.

**I.    Relevant Background**

Petitioner is serving a life sentence imposed in 2009 by the Court of Common Pleas of Allegheny County following his conviction of first degree murder. He initiated this federal habeas case in 2016 by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. At Petitioner's request, the Court stayed this case while he exhausted his state court remedies. In 2019, Petitioner filed a motion to lift the stay, which the Court granted. He then filed an amended habeas petition in which he raised four claims for relief, including one designated as "Claim D." In that claim, Petitioner contended that he had "new evidence" of his innocence. The alleged new evidence was the unsworn statement of Germaine Edge ("the Edge Statement"), which Petitioner obtained

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

around January 2016, and the declaration of Deaundra Williams ("the Williams Declaration"), which was dated August 4, 2017. Petitioner claimed that this alleged new evidence supported his contention that another individual killed the victim.

On January 4, 2021, the Court issued a memorandum and order denying the amended petition. (ECF 55, 56.) The Court denied Claim D on the merits, explaining that it was not cognizable in a federal habeas proceeding. (ECF 55 at p. 35, explaining that "[i]t has long been recognized[,]" at least in a non-capital case such as this one, "that '[c]laims of actual innocence based on newly discovered evidence' are never grounds for 'federal habeas relief absent an independent constitutional violation.'") (quoting *Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004), which quoted *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). The Court also held that if indeed a freestanding actual innocence claim could be brought in a non-capital habeas case, the Edge Statement and Williams Declaration fell far short of offering the type of new evidence of innocence that would entitle Petitioner to habeas relief. (*Id.* at p. 36.)

Petitioner next filed an application for a certificate of appealability with the Court of Appeals. On February 4, 2022, the Court of Appeals denied Petitioner's application, concluding that he did not make a "substantial showing of a denial of a constitutional right" with respect to any of the claims he raised in the amended petition. (ECF 64 at p.1.)

In September 2022, Petitioner filed the pending motion for relief from judgment (ECF 67) which he purports to bring under Rule 60(b), and brief in support (ECF 68).[2] He argues that the Court erred in denying Claim D without first conducting an evidentiary hearing.

---

[2] The Court notes that the handwritten date on Petitioner's motion is March 16, 2021 (ECF 67 at p. 3), but the envelope he mailed his motion in was postmarked August 24, 2022 (ECF 67-2 at p. 2.) The motion was docketed by the Clerk of Court on September 19, 2022. (ECF 67-2 at p. 2.) The date the motion is deemed filed is not material to this Court's disposition of it.

**II.     Discussion**

Because this is a federal habeas action, the Court must evaluate whether Petitioner's Rule 60(b) motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).[3] Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147 (2007). Petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2022) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

---

[3] Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(3)(C).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the use of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, is not available to a state prisoner seeking habeas relief.[4] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," it observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief…will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.* In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling that the district court made *that precluded a merits determination of the habeas petition*, *id.* at 532 n.4, or "challenges a defect in the integrity of the federal habeas proceedings," such as an argument that the opposing party committed fraud upon the court, *id.* at 532.

---

[4] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

Here, Petitioner is not asserting any ground that would qualify his motion as a true Rule 60(b) motion. He is clearly advancing a habeas claim. That is, he is attempting to relitigate Claim D and is challenging the Court's merits disposition of that claim, arguing that the Court erred in denying that claim on the merits without first conducting an evidentiary hearing. Therefore, Petitioner's "Rule 60(b)" motion must be construed as an unauthorized second or successive habeas. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack his judgment of sentence, this Court lacks jurisdiction to consider his claim. Accordingly, the Court will deny his motion for relief from judgment (ECF 67).

## II.     Conclusion

Based on the foregoing, the Court will deny Petitioner's motion for relief from judgment (ECF 67). Because jurists of reason would not find debatable the Court's disposition of his motion for relief from judgment, the Court will deny a certificate of appealability. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

Date:  December 30, 2022

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge